UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-81033-MIDDLEBROOKS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JOSEPH HILTON, F/K/A JOSEPH YURKIN,
PACIFIC NORTHWESTERN ENERGY LLC,
ROCK CASTLE DRILLING FUND LP,
ROCK CASTLE DRILLING FUND II LP, AND
NEW HORIZON PUBLISHING INC.

Defendants.
_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT JOSEPH HILTON

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Joseph Hilton, formerly known as Joseph Yurkin. In its Complaint, the Commission sought, among other relief against Hilton: (1) a permanent injunction to prohibit violations of Sections 5(a) and 5(c) of the Securities Act of 1993 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)]; Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; and Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)]; (2) disgorgement and prejudgment interest; (3) a civil money penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]; and (4) an Order to comply with the broker-dealer bar the Commission previously issued against him, pursuant to Section 21(e) of the Exchange Act [15 U.S.C. §§ 78u(e)].



Hilton has entered a general appearance and consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from the Judgment. This Court having accepted Hilton's Consent, having jurisdiction over Hilton and the subject matter of this action:

I.

## SECTION 5 OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that Hilton and his agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from: directly or indirectly, (a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities in the form of units, common stock, warrants or any other securities through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities; (b) carrying securities, in the form of units, common stock, warrants or any other securities, or causing them to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities; or (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any securities, in the form of units, common stock, warrants or any other securities unless a registration statement is filed with the Commission as to such securities, or while a registration statement filed with the Commission as to such security is the subject of a

2



refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act of 1933 ("Securities Act"), 15 § U.S.C. 77h, in violation of Sections 5(a) and 5(c) of the Securities Act of 1993 (the "Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c);

## II.

## SECTION 17(A) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Hilton and his agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from: violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly, to employ any device, scheme, or artifice to defraud; to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading either orally or in writing, or to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, concerning: (i) any investment strategy or investment in securities, (ii) the use of investor funds or proceeds, (iii) the background and history of the principals of any company involved in a securities offering; (iv) the business prospects, success level, or assets of any company involved in a securities offering; and (v) the risk involved in investing in a securities offering.



III.

## SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10B-5(B)

**IT IS FURTHER ORDERED AND ADJUDGED** that Hilton and his agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from: violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to employ any device, scheme, or artifice to defraud, to make any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading either orally or in writing, or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person concerning: (i) any investment strategy or investment in securities, (ii) the use of investor funds or proceeds, (iii) the background and history of the principals of any company involved in a securities offering; (iv) the business prospects, success level, or assets of any company involved in a securities offering; and (v) the risk involved in investing in a securities offering.

IV.

## SECTION 15(A) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Hilton and his agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from: violating, directly or indirectly, Section 15(a) of the Exchange Act by making use of the mails or any means or instrumentality of interstate



4

commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered with the Commission.

V.

## SECTION 21(e) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Hilton shall comply with the broker-dealer bar the Commission issued against him, *In the Matter of Joseph Yurkin*, Exchange Act Release No. 58768 (Oct. 10, 2008), pursuant to Section 21(e) of the Exchange Act.

VI.

## DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Hilton shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from March 1, 2011, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Hilton will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Hilton may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and



documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VII.

## INCORPORATION OF HILTON'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of ~~Eric~~ Joseph Hilton is incorporated herein with the same force and effect as if fully set forth herein, and that Hilton shall comply with all of the undertakings and agreements set forth therein.

## VIII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## IX.

## CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** this _27_ day of _February_, 2012 at West Palm Beach, Florida.

_____
UNITED STATES DISTRICT COURT JUDGE

Copies to all counsel and parties of record

