**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 12-cv-81033-MIDDLEBROOKS

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

NEW HORIZON PUBLISHING INC.

                Defendant.
_____/

**JUDGMENT OF PERMANENT INJUNCTION AND**
**OTHER RELIEF AS TO DEFENDANT NEW HORIZON PUBLISHING INC.**

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant New Horizon Publishing Inc. ("New Horizon"). In its Complaint, the Commission sought, among other relief against New Horizon: (1) a permanent injunction to prohibit violations of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)]; (2) disgorgement and prejudgment interest; and (3) a civil money penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

New Horizon has entered a general appearance and consented to the Court's jurisdiction over it and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from the Judgment. This Court having accepted New Horizon's Consent, having jurisdiction over New Horizon and the subject matter of this action:

## I.

## SECTION 15(A) OF THE EXCHANGE ACT

**IT IS ORDERED AND ADJUDGED** that New Horizon and its agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from: violating, directly or indirectly, Section 15(a) of the Exchange Act by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered with the Commission.

## II.

## DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that New Horizon shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from March 1, 2011, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) New Horizon will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) New Horizon may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of

affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

III.

## INCORPORATION OF NEW HORIZON'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of New Horizon is incorporated herein with the same force and effect as if fully set forth herein, and that New Horizon shall comply with all of the undertakings and agreements set forth therein.

IV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

V.

## CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** this _20_ day of _March_, 2013 at West Palm Beach, Florida.

_____
UNITED STATES DISTRICT COURT JUDGE

Copies to all counsel and parties of record