UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.12-81033-CIV-Middlebrooks/Brannon

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

JOSEPH HILTON, *et al.*,

        Defendants.
_____/

## ORDER

THIS CAUSE is before this Court upon Receiver David Mandel's ("Receiver") Motion for an Order to Show Cause (DE 90); and Plaintiff Securities and Exchange Commission and Receiver David S. Mandel's (collectively, "Parties") Joint Emergency Motion to Enforce this Court's Order, Enjoin John Conley and CNG Technology, Inc. from Further Depleting Receivership Assets, and Hold Conley and CNG Technology, Inc. in Contempt (DE 100), filed on May 9, 2013.[1] On June 5, 2013, a hearing was held on the issue. John Conley failed to attend the hearing and offered no explanation of his conduct. However, along with CNG Technology, Inc., he was represented by counsel, who was present. I have reviewed the Motions and the record on the matter and am otherwise fully advised in the premises.

### I. Background

On September 25, 2012, the Securities and Exchange Commission filed a Complaint against Defendants Joseph Hiltion, Pacific Northwestern Energy ("Pacific Northwestern"), Rock

---

[1] For purposes of this Order, Receiver's Motion for an Order to Show Cause (DE 90); and the Parties' Joint Emergency Motion to Enforce this Court's Order, Enjoin John Conley and CNG Technology Inc. from Further Depleting Receivership Assets, and Hold Conley and CNG Technology Inc. in Contempt (DE 100) will collectively be referred to as the Motions.

1

Castle Drilling Fund LP, and Rock Castle Drilling Fund II LP, alleging that they violated securities laws in connection with their sale of unregistered securities. DE 1. On September 26, 2012, I issued an *ex parte* TRO against those Defendants, froze their assets and appointed David Mandel as Receiver over Defendants Pacific Northwestern Energy, Rock Castle Drilling Fund LP, and Rock Castle Drilling Fund II LP. DE 11 at 3-5 ("Receivership Order"). On October 24, 2012, the Receivership Order was expanded to include Rock Castle Drilling Fund III LP. *See* DE 36.

Pursuant to the Receivership Order (DE 11), anyone with notice of the Order was enjoined from "disturbing the assets or proceeds of the receivership estate or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of Pacific [Northwestern], Rock Castle I and Rock Castle II."[2] DE 11 at ¶ 15. The Receivership Order further prohibits any person from "exercise[ing] any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court." *Id.* at ¶ 21. Moreover, the Receivership Order stated that any person "in custody, possession or control of any assets, books, records or other property of [the Receivership entities] shall deliver forthwith upon demand such property, monies, books, and records to the Receiver." DE 11 at ¶ 10.

On October 11 2012, John Conley and CNG Technology, Inc. received notice of the Receivership Order.[3] DE 41 at 3. However, on October 25, 2012, they caused liens to be filed against Pacific Northwestern. DE 41-5. Receiver consequently moved for an order to show cause. *See* DE 43. On November 19, 2012, Receiver's motion was granted, and Conley and

---

[2] All property of the aforementioned entities is also part of the receivership estate. DE 11 at ¶ 1 (authorizing Receiver to "take immediate possession of all property, assets and estates of every kind of Pacific [Northwestern] Rock Castle [Drilling Fund LP] and Rock Castle [Drilling Fund II LP], whatsoever and wheresoever located. . .").
[3] John Conley is the president of CNG Technology, Inc., which is located in Berea, Kentucky. DE 41 at 2.

CNG Technology, Inc. were ordered to show cause as to why they should not be held in civil contempt for violations of the Receivership Order. DE 43 at 2.

In response to the Order to Show Cause, Conley and CNG Technology, Inc. claimed that they did not read the Receivership Order. DE 56 at 3. After gaining an understanding of the Order, they subsequently caused the liens to be released. *Id.* at 3.

In December of 2012, Receiver requested that Conley and CNG Technology, Inc. remit payment in the amount of $ 62,000 which was provided to them to drill an oil well.[4] DEs 90 at 2-3; 90-1 at 1-2. Conley and CNG Technology, Inc. claimed that they were owed payment for work completed on the well. DE 99 at 1-2. However, Receiver contends that no work had been completed and submitted a photograph of the drilling site in support of his contentions. DE 90-1 at 16. Conley and CNG Technology, Inc. refused to remit payment to Receiver and Receiver again moved for an order to show cause. DE 90 at 2.

Additionally, Receiver discovered that Conley and CNG Technology, Inc. contracted with Barrett Oil Purchasing in April and May of 2013 to collect oil from wells which are currently the property of the receivership estate. *See* DE 100-1 at 1-3. Receiver also claimed that Conley and CNG Technology, Inc. collected Receiver's 70% share of the funds from that oil by secretly executing a fraudulent division order which did not disclose Receiver's financial interest in the oil produced from that well. DE 100 at 3. Consequently, Receiver moved, for a third time, for the issuance of an order to show cause on May 9, 2013. *See* DE 100. Receiver's motion was granted that day, and Conley and CNG Technology, Inc. were ordered to show cause

---

[4] After taking control over the defendant entities, Receiver determined that Pacific Northwestern paid John Conley and CNG Technology, Inc. approximately $725,000 as payment for seven drilling contracts, plus another $62,000 on a contract for an eighth well. DE 90 at 2. Receiver requested repayment of the $62,000 which was purportedly spent on the eighth well. *Id.*

3

as to why they should not be held in contempt of court, and remit payment of the proceeds of the sale of oil to Receiver.[5] DE 101 at 2.

Conley and CNG Technology, Inc. were also ordered to appear before me on May 20, 2013 to show cause as to why they should not be held in contempt for violations of the Receivership Order. *Id.* at 3. However the hearing was subsequently postponed to provide Conley and CNG Technology, Inc. time to obtain counsel. DE 104. The hearing was postponed again to accommodate Receiver's schedule. *See* DE 109.

In Response to the Parties' Motions, Conley and CNG Technology, Inc. contend that they have other dealings with Barrett Oil Purchasing, and that they never received any funds from property which otherwise belongs to the receivership estate. DE 102 at 2. Moreover, Conley and CNG Technology, Inc. claimed that they caused the oil well at issue to be shut in. *Id.* at 3. Conley and CNG Technology, Inc. also argued that they were entitled to the $62,000 which they refused to remit to Receiver. DE 99.

## II. Legal Discussion

In order to hold Conley and CNG Technology, Inc. in Contempt of Court, the Parties must demonstrate, that (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; (3) the alleged violator had the ability to comply with the order; and (4) the proof of noncompliance is clear and convincing. *McGregor v. Chierico*, 206 F.2d 1277, 1296 (11th Cir. 2000). In determining whether Conley and CNG Technology, Inc. should be held in contempt, I must "construe any ambiguities or uncertainties in [the Receivership Order] in a light favorable" to them. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002).

---

[5] The Order requiring Conley and CNG Technology, Inc. to show cause also granted Receiver's Second Motion for an Order to Show Cause. *See* DE 102 at 2.

4

Here, the Receivership Order was legally issued and remains in effect. It is clear and unambiguous.[6] *See* DE 11. There is also no question that Conley and CNG Technology, Inc. received a copy of the Receivership Order. *See* DE 44-1 (affidavit of service on Conley).

There is no evidence that Conley and CNG Technology, Inc. were unable to remit payment to Receiver, or were forced to pump oil from the oil well at issue. Additionally, at the June 5 hearing, Conley and CNG Technology, Inc.'s counsel could not justify their conduct, arguing only that it would not be repeated. Conley did not appear at the hearing to explain his conduct despite being ordered to do so. *See* DE 101. There is no reasonable justification for Conley and CNG Technology, Inc.'s conduct.

Thus evidence submitted demonstrates that Conley and CNG Technology, Inc. received a demand for payment in the amount of $62,000 but refused to remit those funds which belong to the receivership estate, to Receiver. *See* DE 90-1 at 1. Conley and CNG Technology, Inc. claimed that they are entitled to the $62,000 at issue for work completed on an eighth oil well. However, at his deposition, Conley testified that he does not begin work on any wells until he is fully paid, and Conley was not paid in full to work on that well. Conley and CNG Technology, Inc. also never provided Receiver with any information concerning the conduct for which they should be compensated, and Receiver visited the oil well at issue and determined that no work had been completed. DE 90-1 at 1-2. Moreover, Conley did not appear at the June 6 hearing to explain why he was entitled to the $62,000. As such, based on the evidence presented, I find that Conley and CNG Technology, Inc. should have remitted those funds the receivership estate. *See* DE 11 at ¶ 10.

---

[6] Conley and CNG Technology, Inc. do not argue that there are any ambiguities in the Receivership Order and claimed that they understand its contents. *See* DE 56 at 3.

Additionally, the evidence presented shows that Conley and CNG Technology, Inc. collected proceeds from oil obtained from one or more of the oil wells which are property of the receivership estate. *See* DE 100-1; 113-2; 113-3; 113-4. Receiver submits that "Barrett Oil had picked up oil at least twice from the French/McQueen #1 well, and had made payments to CNG Technology for the proceeds – $5,000 on April 10 and $4,000 on April 25, 2013."[7] DE 100-1 at 2. Receiver also claimed that Conley and CNG Technology, Inc. collected Receiver's "70% share of the funds from that oil by secretly executing a fraudulent Division Order that completely eliminated the Receiver's financial interest, and, obviously, doing all of this without obtaining the Court's approval." DE 113 at 2.

At the June 5 hearing, Receiver submitted the oil drilling agreements between Conley, CNG Technology, Inc. and Barrett Oil. The documents demonstrate that Conley directed the diversion of oil from the receivership estate and requested that payment be made to him in violation of my Order. The documents also confirm that Conley and CNG Technology, Inc. attempted to conceal Receiver's interest in the oil. Thus, Conley and CNG Technology, Inc. disturbed the proceeds of the receivership estate. *See* DE 11 at ¶ 15.

The aforementioned conduct constitutes a direct violation of Paragraphs 10 and 15 of the Receivership Order. *See* DE 11 at ¶¶ 10, 15.[8] Moreover, Conley and CNG Technology's activities, which violate my Orders, have caused Receiver and the receivership estate to face

---

[7] The French/McQueen # 1 well is currently property of the receivership estate. *See* DE 11.

[8] Paragraph 10 of the Receivership Order provides that any person who is "in custody, possession or control of any assets, books, records or other property of [the Receivership entities] shall deliver forthwith upon demand such property, monies, books, and records to the Receiver." DE 11 at ¶ 10. Paragraph 15 of the Receivership Order provides that

> [d]uring the period of this receivership, all persons . . . with actual notice of this Order, are enjoined . . . from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of [the receivership entities].

*Id.* at ¶ 15.

6

additional exposure to liability. Thus, the Parties have demonstrated, by clear and convincing evidence that Conley and CNG Technology, Inc. have acted in violation of this Court's Orders and should be held in contempt of court.

As such, Conley and CNG Technology, Inc. shall pay for the Parties' reasonable attorney's fees and costs in association with the instant Motions. Because it is unclear whether Conley and CNG Technology, Inc. have violated my Order through other means, I also find that they should be required to submit a detailed accounting to Receiver.[9] Moreover, since Conley and CNG Technology, Inc. have repeatedly violated my Orders, they will be subjected to a fine of $100 dollars per day, until they are in compliance with them. Any future violations of this Court's Orders will result in the imposition of additional sanctions. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Parties' Motions (DEs 90, 100) are hereby **GRANTED.** John Conley and CNG Technology, Inc. are hereby held in civil contempt for violations of the Receivership Order. They shall immediately take any and all action necessary to ensure compliance with the Receivership Order. John Conley and CNG Technology, Inc. shall be fined 100 dollars per day until they are in compliance with this Order and the Receivership Order. It is further

**ORDERED AND ADJUDGED** that John Conley and CNG Technology, Inc. are hereby enjoined from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of the receivership entities. It is further

**ORDERED AND ADJUDGED** that the Parties' may, within seven days of the entry of this Order submit an affidavit chronicling the attorney's fees and costs which were incurred as a

---

[9] The accounting shall also include Conley and CNG Technology, Inc.'s 2012 tax returns. The purpose of having them submit an account is to determine what property of the receivership estate, if any, is still in their possession.

result of Conley and CNG Technology, Inc.'s conduct. Counsel for Conley and CNG Technology, Inc. shall offer any specific objection to the requested fees and costs within seven days thereafter. It is further

**ORDERED AND ADJUDGED** that Conley and CNG Technology, Inc. shall immediately remit payment in the amount of $62,000 to Receiver. Conley and CNG Technology shall also turn over all funds and assets obtained in connection with any property which is part of the receivership estate. It is further

**ORDERED AND ADJUDGED** that Conley and CNG Technology, Inc. shall provide a full and accurate accounting of all receipts and disbursements, including copies of all back-up documentation, banking records, bookkeeping and/or accounting records, relating to all eight wells in which Receiver has an interest. It is further

**ORDERED AND ADJUDGED** that Conley and CNG Technology, Inc. shall provide the Parties with a copy of their 2012 tax returns. It is further

**ORDERED AND ADJUDGED** that no person or entity aside from the Receiver and his agents may collect or sell any oil from any of the wells in the possession of the receivership estate established in this matter, without prior Court approval.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida this 6 day of June, 2013.

DONALD M. MIDDLEBROOKS
UNITED STATES DITRSICT JUDGE

Copies furnished to: Counsel of Record