UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81033-CIV-MIDDLEBROOKS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JOSEPH HILTON, f/k/a JOSEPH YURKIN,
PACIFIC NORTHWESTERN ENERGY LLC, et al.

    Defendants.
_____/

## RECEIVER'S FINAL STATUS REPORT AND MOTION TO CLOSE RECEIVERSHIP

David S. Mandel, the Court-appointed Receiver ("Receiver") for Defendants Pacific Northwestern Energy LLC, Rock Castle Drilling Fund LP, Rock Castle Drilling Fund II LP, and Rock Castle Drilling Fund III LP (hereinafter the "Receivership Entities" or "Pacific Northwestern"), by and through undersigned counsel, hereby files this Final Status Report to inform the Court of his activities to date, and moves the Court to enter an order 1) directing the Receiver to take any further actions he may deem necessary to conclude the business of the Receivership; and 2) relieving the Receiver of any further obligations with regard to this matter.

**I.   SUMMARY**

The Receiver believes that he has fully satisfied or, as explained herein, has made the necessary preparations to satisfy his obligations in this matter. Among other tasks, he has:

    1) marshaled, liquidated and safeguarded all receivership assets;

    2) investigated the business of the Receivership Entities and potential claims that the Receiver might bring on behalf of Pacific Northwestern;

    3) instituted and settled legal proceedings for the benefit of Pacific Northwestern;

4) accounted for Pacific Northwestern's funds and filed all required tax returns;

5) established and implemented a claims process; and

6) made a full distribution to 94 approved claimants in the total amount of $133,974.05.

Furthermore, the SEC has previously settled its claims against the Defendants and has advised the Receiver that it consents to the termination of the Receivership as provided herein. Accordingly, the Receiver files this Final Report and respectfully moves this Court to enter the orders the Receiver believes necessary to conclude this matter.

## II.  FINAL REPORT

### A.  Final Fee Motions

The Receiver, his counsel and forensic accountants have filed their final fee applications simultaneously with this Final Report.  The Receiver respectfully requests that the Court rule upon these motions when the Court reviews this Final Report and resolves the Motion to Close the Receivership.  The termination of the Receivership cannot be accomplished until the Court rules on these motions.

### B.  Procedural Background

As set forth in greater detail in the Receiver's periodic status reports (*see, e.g.*, D.E. 51, 86, 127, 156, 179, 199), at the start of this litigation, the Court entered a temporary restraining order against the Defendants and froze the Defendants' assets. D.E. 12.  The Court appointed David S. Mandel as the Receiver for the Receivership Entities (the "Receivership Order").  D.E. 11.  Following the Defendants' consent, the Court entered Preliminary Injunctions, preserving the status quo regarding all matters set forth therein. D.E. 23, 25-27.  Subsequently, the Court entered Permanent Injunctions as to Defendants Hilton, New Horizon Publishing Inc., and the Receivership Entities.  D.E. 76, 79, 98.

- 3 -

In furtherance of the Receivership Order, the Receiver pursued various avenues to recoup receivership assets from John Conley and CNG Technology, who were held in contempt by this Court. *See* D.E. 116, 137, 157. After extensive litigation and a show cause hearing on September 4, 2014, the Court ordered Conley and CNG Technology to pay $62,000 to the Receiver as well as a daily $100 penalty until compliance was completed. Finally, after repeated delays, on December 4, 2014, the Receiver received a $62,000.00 cashier's check from Conley. Additionally, pursuant to the Court's Order (D.E. 191), the Receiver conducted an auction and completed the sale of the Receivership's interests in certain oil wells in Kentucky (D.E. 198).

C.   **Claims and Distribution Process**

1.   *Claims Process*

On June 19, 2015, the Court entered the Order Authorizing Claims Process (D.E. 183), setting up the procedure for the submission and determination of claims submitted by victim-investors and creditors. The Receiver sent claim forms to every Pacific Northwestern investor and to other potential claimants and creditors. The Claim form was also posted on the Receivership website. All claims were reviewed and objections presented to the Court in the Receiver's Motion for Determination of Allowed Claims and the Receiver's supplemental filing. D.E. 197, 204.

On July 18, 2016, the Court issued its Order Granting the Receiver's Motion for Determination of Allowed Claims, ruling that the amount of each investment would be recognized as the claim amount and distributions would be made on a pro rata basis to approved claimholders. D.E. 206. CNG Technology's claim was denied in its entirety.

### 2. *Distribution Process*

Pursuant to the Court's Order, on December 14, 2016, the Receiver made the distributions to the 94 approved claimants. The total amount of allowed claims was approximately $133,974.05, which constituted a 9% distribution rate.

### 3. *Receiver's Additional Efforts*

Since the distribution, the Receiver, his counsel and his accountants have communicated with investors over various matters relating to the distribution, including confirming addresses, receipt of checks, and similar matters. Of the 94 checks that were issued totaling $133,974.05, one check was never cashed, totaling $674.12. After repeated efforts to contact this creditor, the Receiver learned this creditor had passed; the Receiver has been unsuccessful in locating any surviving family members or heirs.

### D. The Receiver Has Accounted for the Assets and Liabilities of the Receivership Estate

The Receiver has marshaled and safeguarded all assets of Pacific Northwestern and has identified the Receivership's liabilities.

Paragraph 3 of the Receivership Order directs the Receiver to, in the relevant part:

> Present to this Court a report reflecting the existence and value of the assets of Pacific, Rock Castle I, and Rock Castle II, and of the extent of liabilities, both those claimed to exist by others and those which the Receiver believes to be legal obligations of Pacific, Rock Castle I, and Rock Castle II[.]

D.E. 11 at ¶ 3. The Receiver attaches as Exhibit 1 to this Report a schedule of the distributions sent to claimants.

The Receivership's assets included:

> **Bank Accounts.** Funds in the accounts of Pacific Northwestern, frozen pursuant to the TRO and transferred to the control of the Receiver;

**Oil Well Production and Auction Proceeds.** The proceeds of various oil wells in which Receivership Entities had an interest, and property of Pacific Northwestern sold by the Receiver at auction; and

**Litigation settlements and proceeds.** The proceeds of litigation settlements, and contempt proceedings against Jon Conley and CNG Technology by the Receiver.

The liabilities included:

**Approved Claims.** The total of all claims approved by the Court. This total liability to defrauded investors far exceeded the assets of the Receivership estate. To date, the Receiver has made pro rata payments on these claims totaling $133,974.05;

**General Disbursements.** Payments made by the Receiver for services incurred by the Receiver and in payment of taxes;

**Paid Professional Fees.** Payments made pursuant to Court order as compensation to the Receiver, his counsel, forensic accountant and computer consultant;

**Professional Fees.** The final fee amounts of approximately $7,295.89 in compensation requested by the Receiver, his counsel, and his forensic accountants exceed the amount leftover in the Receivership.

Here is a summary of the Receivership's receipts and disbursements**:**

**Receipts:**

| | |
|---|---:|
| Turnover of funds from frozen accounts | $485,562.37 |
| Litigation settlements | 64,000.00 |
| Asset sales from auction | 25,000.00 |
| Oil production proceeds | 21,273.13 |
| Turnover of funds from CNG Technology | 8,355.57 |
| **Total Receipts** | **$604,191.07** |

**Disbursements:**

| | |
|---|---:|
| Professional fees and expenses | 430,830.17 |
| Distributions to general unsecured creditors | 133,299.93 |
| Receiver fees | 32,730.00 |
| R & S Energy, Return of escrow deposit | 2,000.00 |
| **Total Disbursements** | 598,860.10 |

**Cash Balance as of March 29, 2017**          **$ 5,330.97**

In conclusion, over the course of the Receivership the total estimated assets of Pacific Northwestern were $604,191.07. Disbursements to date including distribution of claims, and payment of professional fees and expenses totaling $598,860.10. If this Court grants the contemporaneous motions for final payments to the Receiver, his counsel, and forensic accountant, payment of those fees will bring total disbursements to date to approximately $604,191.07, and no funds will remain in the Receivership. In the end, the Receiver distributed $133,299.93 to holders of Approved Claims.

Because the Receivership lacks sufficient funds to fully compensate the Receiver's counsel and his forensic accountants for services rendered during the fee application period, as described more fully in the recently filed fee applications, the Receiver requests that the remaining funds be divided on a pro-rata basis between Mandel & Mandel LLP and KapilaMukamal.

### E.    The Receiver has filed all necessary tax returns.

On behalf of the Receiver, KapilaMukamal, the Receiver's forensic accountants, prepared and filed federal and state tax returns for Pacific Northwestern for the years 2012 through 2016.

### IV.   THE RECEIVER'S MOTION TO TERMINATE THE RECEIVERSHIP AND RELIEVE THE RECEIVER OF ALL FURTHER OBLIGATIONS

For the reasons stated herein, the Receiver respectfully requests to be relieved of all further duties and obligations as Receiver in this matter. Counsel for the Receiver has conferred with counsel for the SEC, Amie Riggle Berlin, Esq., who has reviewed this Final Report and Motion and has advised the Receiver that the SEC has no objection to the Report or the relief sought herein.

**V.   NOTIFICATION OF ALL APPROVED CLAIMANTS**

The Receiver will post a copy of this Final Report and Motion to Close the Receivership on the Receiver's Website (http://www.pacificnorthwesternreceivership.com/ ).

WHEREFORE, the Receiver respectfully requests that this Court enter an Order approving this Final Report and granting the motions made herein.  A proposed order is provided for the convenience of the Court.  It has been an honor to serve this Court as Receiver.

>Respectfully submitted,
>
>MANDEL & MANDEL LLP
>Counsel for the Receiver, David S. Mandel
>
>1200 Alfred I. duPont Building
>169 East Flagler Street
>Miami, Florida 33131
>Telephone: 305.374.7771
>Facsimile: 305.374.7776
>nsm@mandel.law

By:   */s/ Nina Stillman Mandel*
          NINA STILLMAN MANDEL
             Florida Bar No.: 843016

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by CM/ECF filed this 14th day of April, 2017.

>*/s/ Nina Stillman Mandel*
>NINA STILLMAN MANDEL